

FILED
10/28/2021 AK



THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **UNDER SEAL** |
| | ) |
| v. | ) No. 19 CR 641 |
| | ) |
| DONALD LEE, | ) Violations: Title 18, United States |
|    a/k/a "Lil' Don," "Freak," and "Pops," | ) Code, Sections 922(g)(1), |
| DESHAWN MORGAN, | ) 924(c)(1)(A), 924(j)(1), 1958(a), |
|    a/k/a "Tiny," "Donk," and "Big Bro," | ) 1959(a), 1962(d), and Title 21, |
| MARQUEL RUSSELL, | ) United States Code, Sections |
|    a/k/a "P," "Will Panero," | ) 841(a)(1) and 846 |
| DARIUS MURPHY, | ) |
|    a/k/a "Skudder," | ) **SUPERSEDING INDICTMENT** |
| TORANCE BENSON, | ) |
|    a/k/a "Blackie," "Black," "RustWorld | ) |
| Blackie," and "Tory," | ) |
| DAVION RUSSELL, | ) |
|    a/k/a "DayDay" and "DayDay Honcho," | ) |
| DESHON GEORGE, | ) |
|    a/k/a/ "D Mac," | ) |
| NASHON JOHNSON, | ) |
|    a/k/a "Bootie," | ) |
| DANTE DOCKETT, | ) |
|    a/k/a "DT," | ) |
| DEMOND BROWN, | ) |
|    a/k/a "Loonie," | ) |
| VICTOR TURNER, | ) |
|    a/k/a "Ju," "Ju-Bean," and "Lil' Vic," | ) |
| WILLIE GARDLEY, | ) |
|    a/k/a "Flocka," and | ) |
| DAVID ARRINGTON, | ) |
|    a/k/a "Day Day" | ) |

## COUNT ONE

The SPECIAL JANUARY 2020 GRAND JURY charges:

### THE RACKETEERING ENTERPRISE

At times material to this Superseding Indictment:

1.     Defendants DONALD LEE (a/k/a "Lil' Don," "Freak," and "Pops");
DESHAWN MORGAN (a/k/a "Tiny," "Donk," and "Big Bro"); MARQUEL RUSSELL
(a/k/a "P," "Will Panero"); DARIUS MURPHY (a/k/a "Skudder"); TORANCE
BENSON (a/k/a "Blackie," "Black," "RustWorld Blackie," and "Tory"); DAVION
RUSSELL (a/k/a "DayDay" and "DayDay Honcho"); DESHON GEORGE (a/k/a "D
Mac"); NASHON JOHNSON (a/k/a "Bootie"); DANTE DOCKETT (a/k/a "DT");
DEMOND BROWN (a/k/a "Loonie"); VICTOR TURNER (a/k/a "Ju," "Ju-Bean," and
"Lil' Vic"); WILLIE GARDLEY (a/k/a "Flocka"); and DAVID ARRINGTON (a/k/a "Day
Day"), and others known and unknown to the Grand Jury, were members and
associates of the Wicked Town faction of the Traveling Vice Lords street gang
(hereinafter the "Wicked Town Enterprise"), a criminal organization whose members
and associates engaged in acts of violence, including murder, murder for hire,
attempted murder, conspiracy to commit murder, and robbery, as well as the illegal
trafficking of controlled substances, and which operated on the west side of Chicago,
in the Northern District of Illinois, Eastern Division, and elsewhere.

2.     The Wicked Town Enterprise, including its leaders, members and
associates, constituted an "enterprise," as defined in Title 18, United States Code,
Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact,
which enterprise was engaged in, and the activities of which affected, interstate and
foreign commerce.

3.     The Wicked Town Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## PURPOSES OF THE ENTERPRISE

4.     The purposes of the Wicked Town Enterprise included, but were not limited to, the following:

a.     Preserving and protecting the power, reputation, territory, and proceeds of the enterprise through threats, intimidation, and violence against rival gang members, suspected government cooperators, drug trafficking competitors, and others who were disloyal or posed threats to the enterprise and its leaders, members, and associates;

b.     Enriching the leaders, members, and associates of the enterprise through acts involving murder, robbery, and the illegal trafficking of controlled substances;

c.     Promoting and enhancing the enterprise and its members' and associates' activities;

d.     Keeping victims, rival gang members, and witnesses in fear of the enterprise and its leaders, members, and associates through acts of violence and threats of violence; and

e.     Taking steps designed to prevent law enforcement's detection of the criminal activities of the enterprise and its leaders, members, and associates.

3

## ROLES IN THE ENTERPRISE

5.     At times material to this Superseding Indictment:

a.     DONALD LEE, DESHAWN MORGAN, and MARQUEL RUSSELL were leaders of the Wicked Town Enterprise, and, in that role, they each oversaw, directed, guided, and participated in the illegal activities of the enterprise through, among other things, acts involving murder and robbery, the illegal trafficking of controlled substances, and the illegal possession and trafficking of firearms; and

b.     DARIUS MURPHY, TORANCE BENSON, DAVION RUSSELL, DESHON GEORGE, NASHON JOHNSON, DANTE DOCKETT, DEMOND BROWN, VICTOR TURNER, WILLIE GARDLEY, and DAVID ARRINGTON each participated in the illegal activities of the Wicked Town Enterprise through, among other things, acts involving murder and robbery, the illegal trafficking of controlled substances, and the illegal possession and trafficking of firearms.

## RACKETEERING CONSPIRACY

6.     Beginning no later than in or about July 2000, and continuing until at least in or about August 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

DONALD LEE, a/k/a "Lil' Don," "Freak," and "Pops,"
DESHAWN MORGAN, a/k/a "Tiny," "Donk," and "Big Bro,"
DARIUS MURPHY, a/k/a "Skudder,"
TORANCE BENSON, a/k/a "Blackie," "Black," RustWorld Blackie," and "Tory,"
MARQUEL RUSSELL, a/k/a "P" and "Will Panero,"
DAVION RUSSELL, a/k/a "DayDay" and "DayDay Honcho,"
DESHON GEORGE, a/k/a/ "D Mac,"
NASHON JOHNSON, a/k/a "Bootie,"

4

DANTE DOCKETT, a/k/a "DT,"
DEMOND BROWN, a/k/a "Loonie,"
VICTOR TURNER, a/k/a "Ju," "Ju-Bean," and "Lil' Vic,"
WILLIE GARDLEY, a/k/a "Flocka," and
DAVID ARRINGTON, a/k/a/ "Day Day,"

defendants herein, and others known and unknown to the Grand Jury, being persons employed by and associated with the Wicked Town Enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity consisting of:

a. Multiple acts involving (i) murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); and (ii) robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2;

b. Acts indictable under Title 18, United States Code, Section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire); and

c. Offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

7. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

5

## MEANS AND METHODS OF THE CONSPIRACY

8.     It was further part of the conspiracy that the means and methods by which the members of the enterprise and their associates conducted and participated in the conduct of the affairs of the enterprise included the following:

      a.     Members of the enterprise and their associates initiated members during meetings led by, among others, MARQUEL RUSSELL, at which the new members were "blessed in" to the Wicked Town Enterprise through a series of rituals and oaths;

      b.     Members of the enterprise and their associates employed and used gang-related terminology, symbols, and gestures;

      c.     Members of the enterprise and their associates promoted the enterprise on social media sites including Facebook, including by posting comments, photographs, and videos, and using the Facebook Live feature during which they, among other things, proclaimed their membership in the enterprise, taunted rival gang members, and boasted about illegal activities, including murders and other acts of violence;

      d.     Members of the enterprise and their associates attended meetings at which they discussed and planned criminal activity, including acts involving murder and assault with a dangerous weapon, as well as the illegal trafficking of controlled substances;

      e.     To perpetuate the enterprise and to maintain and extend their power, members of the enterprise and their associates committed illegal acts,

6

including acts involving murder and assault with a dangerous weapon, against individuals who posed a threat to the enterprise and jeopardized its operations, including rival gang members and individuals suspected of cooperating with law enforcement;

f.      Members of the enterprise and their associates shared in the proceeds of the enterprise's illegal activities, including, but not limited to, the illegal trafficking of controlled substances, murder for hire, and robberies;

g.      Members of the enterprise and their associates obtained, used, carried, possessed, brandished, and discharged firearms—including the firearms referenced in Counts 15, 16, 17, and 18 of this Superseding Indictment—in connection with the enterprise's illegal activities, including, but not limited to, acts involving murder and robbery, as well as the illegal trafficking of controlled substances;

h.      Members of the enterprise and their associates managed the procurement, transfer, use, and concealment of firearms within the enterprise to protect their territory, personnel, and operations, and to deter, eliminate, and retaliate against competitors, rival criminal organizations and persons, and individuals suspected of cooperating with law enforcement;

i.      Members of the enterprise and their associates obtained stolen vehicles for the purpose of using those vehicles during the commission of the enterprise's illegal activities, including acts involving murder and robbery;

j.      Members of the enterprise and their associates concealed and hid, and caused to be concealed and hidden, the purposes of the acts done in furtherance

7

of the enterprise, and used coded language, surveillance, and counter-surveillance techniques, and other means, to avoid detection and apprehension by law enforcement and provide security to members and associates of the enterprise;

k.     Members of the enterprise and their associates used threats of violence, violence, and intimidation to cause victims and witnesses to not report the enterprise's criminal acts to law enforcement;

l.     Members of the enterprise and their associates distributed and possessed with intent to distribute heroin, cocaine base, and other controlled substances in the conduct of the affairs of the enterprise;

m.     Members of the enterprise and their associates had locations on the west side of Chicago, including the area of North Leamington Avenue and West Ferdinand, where members of the enterprise and their associates managed the illegal distribution of controlled substances, and the enterprise maintained "trap houses" on the west side of Chicago where the enterprise stored narcotics and firearms, including residences located at 501 North Leamington Avenue, 505 North Leamington Avenue, 556 North Leamington Avenue, and 4836 West Concord Place;

n.     The murders committed by members and associates of the enterprise in the conduct of the affairs of the enterprise include, but are not limited to, the following:

i.     The murder of Lamont Ware by DONALD LEE on or about July 22, 2000;

8

ii.     The murder of Ernest Moore by DONALD LEE, NASHON JOHNSON, and others known and unknown to the Grand Jury, on or about December 23, 2002;

iii.    The murder of John Johnson by DONALD LEE on or about June 15, 2003;

iv.     The murder of Ron Hernandez by DEMOND BROWN, TORANCE BENSON, and others known and unknown to the Grand Jury, on or about December 21, 2014;

v.      The murder of Abraham Cooper by DEMOND BROWN and others known and unknown to the Grand Jury on or about December 23, 2014;

vi.     The murder of Charlie Weathers by WILLIE GARDLEY, DONALD LEE, and others known and unknown to the Grand Jury, on or about May 23, 2015;

vii.    The murder of Malcolm Willie by VICTOR TURNER, DONALD LEE, and others known and unknown to the Grand Jury, on or about July 15, 2015;

viii.   The murder of James Douthard by DARIUS MURPHY, DEMOND BROWN, DONALD LEE, and others known and unknown to the Grand Jury, on or about August 23, 2015;

ix.     The murder of Dan Rance by DARIUS MURPHY, DEMOND BROWN, and others known and unknown to the Grand Jury, on or about September 2, 2015;

x. The murder of Martel Howard by TORANCE BENSON on or about January 21, 2016;

xi. The murder of Derrick Jones and Stephen Tucker by DANTE DOCKETT, DAVION RUSSELL, and others known and unknown to the Grand Jury, on or about December 23, 2016;

xii. The murder of Alfred Stovall by DARIUS MURPHY on or about April 28, 2017.

xiii. The murder of Kishaun Mobley by DARIUS MURPHY, DEMOND BROWN, DONALD LEE, and WILLIE GARDLEY on or about December 23, 2017;

xiv. The murder of Uriah Hughes by DARIUS MURPHY, DEMOND BROWN, WILLIE GARDLEY, and DAVID ARRINGTON on or about January 11, 2018;

xv. The murder of Donald Holmes, Jr. and Diane Taylor by DESHAWN MORGAN, DARIUS MURPHY, and DEMOND BROWN on or about January 31, 2018;

xvi. The murder of Sammy Hodges by VICTOR TURNER on or about March 10, 2019; and

xvii. The murder of Ronald Boyd by DAVID ARRINGTON and others known and unknown to the Grand Jury on or about August 22, 2020.

o. The attempted murders committed by members and associates of the Wicked Town Enterprise in the conduct of the affairs of the enterprise include, but are not limited to, the following:

i. The attempted murder of Victim 1 and Victim 2 by DONALD LEE, NASHON JOHNSON, and others known and unknown to the Grand Jury, on or about December 23, 2002.

ii. The attempted murder of Victim 3 by DONALD LEE and others known and unknown to the Grand Jury on or about May 1, 2008;

iii. The attempted murder of Victim 4 by TORANCE BENSON and DEMOND BROWN on or about December 15, 2014;

iv. The attempted murder of Victim 5 by TORANCE BENSON on or about January 21, 2016;

v. The attempted murder of Victim 6 by TORANCE BENSON, WILLIE GARDLEY, and others known and unknown to the Grand Jury, on or about March 30, 2016;

vi. The attempted murder of Victim 7 by DANTE DOCKETT on or about August 18, 2016;

vii. The attempted murder of Victim 8 by DANTE DOCKETT and MARQUEL RUSSELL on or about September 29, 2016;

viii. The attempted murder of Victim 9 by DARIUS MURPHY, DEMOND BROWN, DONALD LEE, WILLIE GARDLEY, and others known and unknown to the Grand Jury, on or about December 23, 2017;

ix. The attempted murder of Victim 10 by DARIUS MURPHY, DEMOND BROWN, WILLIE GARDLEY, and DAVID ARRINGTON on or about January 11, 2018;

x. The attempted murder of Victim 11 and Victim 12 by DESHAWN MORGAN, DARIUS MURPHY, DEMOND BROWN, and others known and unknown to the Grand Jury, on or about January 18, 2018;

xi. The attempted murder of Victim 13, Victim 14, Victim 15, and Victim 16 by DARIUS MURPHY and DEMOND BROWN on or about February 21, 2018;

xii. The attempted murder of Victim 17 by DAVION RUSSELL, DESHON GEORGE, and others known and unknown to the Grand Jury, on or about May 18, 2020.

xiii. The attempted murder of Victim 18 and Victim 19 by DAVID ARRINGTON on or about August 22, 2020.

p. The robberies committed by members and associates of the Wicked Town Enterprise in the conduct of the affairs of the enterprise include, but are not limited to, the following:

i. The robbery of Victim 4 by TORANCE BENSON and DEMOND BROWN on or about December 15, 2014;

ii. The robbery of Victim 20 by TORANCE BENSON, DEMOND BROWN, VICTOR TURNER, and others known and unknown to the Grand Jury, on or about December 24, 2014;

12

           iii.      The robbery of Victim 21 by DESHON GEORGE and DARIUS MURPHY on or about May 21, 2017.

## NOTICE OF SPECIAL FINDINGS FOR COUNT ONE

9. Each of the murders identified in Paragraph 8(n)(i)-(iii) and 8(n)(v)-(xvii) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(a), in that in each such instance the named defendant(s) killed the named victim(s) without lawful justification in performing acts which caused the death of the named victim(s): (a) intending to kill and do great bodily harm to the named victim(s), and knowing that such acts would cause death to the named victim(s); and (b) knowing that such acts created a strong probability of death and great bodily harm to the named victim(s).

10. The murder identified in Paragraph 8(n)(iv) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(a)(3), in that at the time the victim was killed, the named defendants were attempting and committing a forcible felony other than second degree murder.

11. Each of the murders identified in Paragraph 8(n)(i)-(iii) and 8(n)(v)-(xvii) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(b)(11), in that in each such instance (a) the murder was committed in a cold, calculated and premeditated manner pursuant to a preconceived plan, scheme and design to take a human life by unlawful means; and (b) the conduct of the named defendant(s) created a reasonable expectation that the death of a human being would result therefrom.

12. The murders identified in Paragraph 8(n)(xv) were committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(b)(5), in that the named defendants committed the murders pursuant to a contract, agreement and understanding by which a person was to receive money and anything of value in return for committing the murders.

13. Each of the murders identified in Paragraph 8(n) was committed in violation of Chapter 730, Illinois Compiled Statutes, Section 5/5-8-1(d)(iii), in that DONALD LEE (the murders in paragraphs 8(n)(i), (ii), and (iii)); DEMOND BROWN (the murders in paragraphs 8(n)(iv)-(v) and (xiii)-(xiv)); WILLIE GARDLEY (the murders in paragraphs 8(n)(vi) and (xiv)); VICTOR TURNER (the murders in paragraphs 8(n)(vii) and (xvi)); DARIUS MURPHY (the murders in paragraphs 8(n)(viii)-(ix) and (xii)-(xv)); TORANCE BENSON (the murder in paragraph 8(n)(x)); DANTE DOCKETT (the murders in paragraph 8(n)(xi)); and DAVID ARRINGTON (the murder in paragraph 8(n)(xvii)), each personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, and death to another person.

14. The murder identified in Paragraph 8(n)(xiv) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(b)(15), in that DARIUS MURPHY and DEMOND BROWN intentionally discharged a firearm from a motor vehicle and the victim was not present within the motor vehicle.

15. Each of the attempted murders identified in Paragraphs 8(o)(ii)-(x) and (xii)-(xiii) was committed in violation of Chapter 720, Illinois Compiled Statutes,

Sections 5/8-4(a) and 5/8-4(c)(1)(D) in that DONALD LEE (the attempted murder in Paragraph 8(o)(ii)); TORANCE BENSON (the attempted murders in Paragraphs 8(o)(iii)-(v)); DEMOND BROWN (the attempted murders in Paragraphs 8(o)(viii)-(x)); DANTE DOCKETT (the attempted murders in Paragraphs 8(o)(vi)-(vii)); DARIUS MURPHY (the attempted murders in Paragraphs 8(o)(viii)-(x)); WILLIE GARDLEY (the attempted murder in Paragraph 8(o)(ix)); DAVION RUSSELL (the attempted murder in Paragraph 8(o)(xii)); DESHON GEORGE (the attempted murder in Paragraph 8(o)(xii)); and DAVID ARRINGTON (the attempted murders in Paragraph 8(o)(xiii)), each personally discharged a firearm that proximately caused great bodily harm, permanent disability, and permanent disfigurement to another person.

16.   With respect to DONALD LEE, DESHAWN MORGAN, DARIUS MURPHY, TORANCE BENSON, DANTE DOCKETT, DEMOND BROWN, VICTOR TURNER, WILLIE GARDLEY, and DAVID ARRINGTON, they are each over 18 years of age and have each murdered more than one victim, in violation of Chapter 720, Illinois Compiled Statutes 5/9-1(b)(3) and Chapter 730, Illinois Compiled Statutes, Section 5/5-8-1(a)(1)(c)(ii).

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     Paragraphs One through Four of Count One are incorporated here.

2.     At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.     On or about July 22, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

DONALD LEE,
a/k/a "Lil' Don," "Freak," and "Pops,"

defendant herein, for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did murder an individual, namely, Lamont Ware, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.      Paragraphs One through Four of Count One are incorporated here.

2.      At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.      On or about December 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

DONALD LEE,
a/k/a "Lil' Don," "Freak," and "Pops,"

defendant herein, for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did murder an individual, namely, Ernest Moore, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     Paragraphs One through Four of Count One are incorporated here.

2.     At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.     On or about December 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, DONALD LEE, a/k/a "Lil' Don," "Freak," and "Pops," and NASHON JOHNSON, a/k/a "Bootie," for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did murder Ernest Moore, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

4.     On or about December 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

DONALD LEE, a/k/a "Lil' Don," "Freak," and "Pops," and
NASHON JOHNSON (a/k/a "Bootie"),

18

defendants herein, and others known and unknown to the Grand Jury, committed a violation of Title 18, United States Code, Section 924(c), that is, used and carried a firearm during and in relation to a crime of violence for which defendant may be prosecuted in a court of the United States, namely, Murder in Aid of Racketeering (Title 18, United States Code, Section 1959(a)(1), as set forth above) of Ernest Moore, and knowingly possessed a firearm in furtherance of such crime, and in the course of such violation, caused the death of Martel Howard through the use of a firearm, which killing was first degree murder as defined in Title 18, United States Code, Section 1111(a);

In violation of Title 18, United States Code, Sections 924(j)(1) and 2.

19

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     Paragraphs One through Four of Count One are incorporated here.

2.     At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.     On or about January 21, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, TORANCE BENSON, a/k/a "Blackie," "Black," "RustWorld Blackie," and "Tory," for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did murder Martel Howard, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

4.     On or about January 21, 2016, at Chicago, in the Northern District of Illinois, Eastern Division,

TORANCE BENSON,
a/k/a "Blackie," "Black," "RustWorld Blackie," and "Tory,"

20

defendant herein, and others known and unknown to the Grand Jury, committed a violation of Title 18, United States Code, Section 924(c), that is, used and carried a firearm during and in relation to a crime of violence for which defendant may be prosecuted in a court of the United States, namely, Murder in Aid of Racketeering (Title 18, United States Code, Section 1959(a)(1), as set forth above) of Martel Howard, and knowingly possessed a firearm in furtherance of such crime, and in the course of such violation, caused the death of Martel Howard through the use of a firearm, which killing was first degree murder as defined in Title 18, United States Code, Section 1111(a);

In violation of Title 18, United States Code, Sections 924(j)(1) and 2.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     Paragraphs One through Four of Count One are incorporated here.

2.     At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.     On or about January 21, 2016, at Chicago, in the Northern District of Illinois, Eastern Division,

TORANCE BENSON,
a/k/a "Blackie," "Black," "RustWorld Blackie," and "Tory,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon an individual, namely, Victim 5, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/12-3.05(e)(1), 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

22

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.    Paragraphs One through Four of Count One are incorporated here.

2.    At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.    On or about January 11, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DARIUS MURPHY,<br>
a/k/a "Skudder,"

defendant herein, for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did murder an individual, namely, Uriah Hughes, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

23

## COUNT EIGHT

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.   Paragraphs One through Four of Count One are incorporated here.

2.   At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.   On or about January 11, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DARIUS MURPHY,
a/k/a "Skudder,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon an individual, namely, Victim 10, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/12-3.05(e)(1), 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

24

## COUNT NINE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     Paragraphs One through Four of Count One are incorporated here.

2.     At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.     On or about January 18, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DESHAWN MORGAN, a.k.a. "Tiny," "Donk," and "Big Bro," and
DARIUS MURPHY, a.k.a. "Skudder,"

defendants herein, and others known and unknown to the Grand Jury, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon an individual, namely, Victim 11, in

25

violation of Chapter 720, Illinois Compiled Statutes, Sections 5/12-3.05(e)(1), 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT TEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs One through Four of Count One are incorporated here.

2. At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3. On or about January 18, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DESHAWN MORGAN, a.k.a. "Tiny," "Donk," and "Big Bro," and
DARIUS MURPHY, a.k.a. "Skudder,"

defendants herein, and others known and unknown to the Grand Jury, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon an individual, namely, Victim 12, in

27

violation of Chapter 720, Illinois Compiled Statutes, Sections 5/12-3.05(e)(1), 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT ELEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about January 18, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

DESHAWN MORGAN, a.k.a. "Tiny," "Donk," and "Big Bro," and
DARIUS MURPHY, a.k.a. "Skudder,"

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury, to knowingly use and cause others to use a facility of interstate commerce, namely, a 2004 Volvo XC90 automobile bearing Illinois license plate AL 2**** and a 2004 Pontiac Grand Prix automobile bearing Illinois license plate E30****, with intent that a murder be committed, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2, namely, the murder of Victim 11 and Victim 12, as consideration for a promise and agreement to pay a thing of pecuniary value, and personal injuries resulted to Victim 11 and Victim 12;

In violation of Title 18, United States Code, Section 1958(a).

## COUNT TWELVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.      Paragraphs One through Four of Count One are incorporated here.

2.      At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.      On or about January 31, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DESHAWN MORGAN, a.k.a. "Tiny," "Donk," and "Big Bro," and
DARIUS MURPHY, a.k.a. "Skudder,"

defendants herein, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the murder of an individual, namely, Donald Holmes,

Jr., in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THIRTEEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs One through Four of Count One are incorporated here.

2. At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3. On or about January 31, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DESHAWN MORGAN, a.k.a. "Tiny," "Donk," and "Big Bro," and
DARIUS MURPHY, a.k.a. "Skudder,"

defendants herein, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the murder of an individual, namely, Diane Taylor, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FOURTEEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

Beginning in or around January 2018, and continuing until in or around February 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

DESHAWN MORGAN, a.k.a. "Tiny," "Donk," and "Big Bro," and
DARIUS MURPHY, a.k.a. "Skudder,"

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury, to knowingly use and cause others to use a facility of interstate commerce, namely, a cellular telephone and a 2017 Jeep Cherokee automobile, bearing Illinois license plate AN 8****, with intent that a murder be committed, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2, namely, the murder of Donald Holmes, Jr. and Diane Taylor, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, and the death of Donald Holmes, Jr. and Diane Taylor did result;

In violation of Title 18, United States Code, Section 1958(a).

## COUNT FIFTEEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about July 27, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

TORANCE BENSON,
a/k/a "Blackie," "Black," "RustWorld Blackie," and "Tory,"

defendant herein, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, namely, a loaded FN Model Five-SeveN, 5.7 caliber pistol, from which the manufacturer's serial number had been obliterated, which firearm had traveled in interstate and foreign commerce prior to the defendant's possession of the firearm;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about August 15, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

DONALD LEE,
a/k/a "Lil' Don," "Freak," and "Pops,"

defendant herein, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a loaded Ruger Model LC9 9mm pistol, from which the manufacturer's serial number had been obliterated, which firearm had traveled in interstate commerce prior to the defendant's possession of the firearm;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVENTEEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about August 15, 2019, at approximately 6:50 p.m., in Chicago, in the Northern District of Illinois, Eastern Division,

DONALD LEE,
a/k/a "Lil' Don," "Freak," and "Pops,"

defendant herein, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a loaded Anderson Manufacturing Model AM-15 5.56/223 caliber pistol, bearing serial number 18200203, which firearm had traveled in interstate commerce prior to the defendant's possession of the firearm;

In violation of Title 18, United States Code, Section 922(g)(1).

36

## COUNT EIGHTEEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about March 21, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

DONALD LEE,
a/k/a "Lil' Don," "Freak," and "Pops,"

defendant herein, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, namely, a loaded Girsan model Regard MC 9mm pistol, bearing serial number T6368-19A01790, and a loaded Sig Sauer Model SP2022 .357 sig caliber pistol, bearing serial number 24B245051, which firearm had traveled in interstate and foreign commerce prior to the defendant's possession of the firearm;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT NINETEEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about March 21, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

DONALD LEE,
a/k/a "Lil' Don," "Freak," and "Pops,"

defendant herein, did attempt to knowingly and intentionally possess with intent to distribute a controlled substance, namely, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

In violation of Title 21, United States Code, Section 846.

## COUNT TWENTY

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     Paragraphs One through Four of Count One are incorporated here.

2.     At times material to this Superseding Indictment, the Wicked Town Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is: multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1(a)(1)-(3); multiple acts involving robbery, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, 5/18-1, and 5/18-2; and multiple offenses involving the illegal trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.     On or about May 18, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

DAVION RUSSELL, a/k/a "DayDay" and "DayDay Honcho," and
DESHON GEORGE, a/k/a/ "D Mac,"

defendants herein, and others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in the Wicked Town Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon an individual, namely, Victim 17, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/12-3.05(e)(1), 5/5-1, and 5/5-2;

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

39

## COUNT TWENTY-ONE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about May 18, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

DAVION RUSSELL, a/k/a "DayDay" and "DayDay Honcho," and
DESHON GEORGE, a/k/a/ "D Mac,"

defendants herein did carry, brandish, and discharge a firearm during and in relation to a crime of violence for which each of them may be prosecuted in a court of the United States, namely, assault with a dangerous weapon of Victim 17 in aid of racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2, as charged in Count Twenty of this Superseding Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1. The allegations of Count One of this Superseding Indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963.

2. As a result of their violation of Title 18, United States Code, Section 1962(d), as alleged in the foregoing Superseding Indictment,

DONALD LEE, a/k/a "Lil' Don," "Freak," and "Pops,"
DESHAWN MORGAN, a/k/a "Tiny," "Donk," and "Big Bro,"
DARIUS MURPHY, a/k/a "Skudder,"
TORANCE BENSON, a/k/a "Blackie," "Black," RustWorld Blackie," and "Tory,"
MARQUEL RUSSELL, a/k/a "P" and "Will Panero,"
DAVION RUSSELL, a/k/a "DayDay" and "DayDay Honcho,"
DESHON GEORGE, a/k/a/ "D Mac,"
NASHON JOHNSON, a/k/a "Bootie,"
DANTE DOCKETT, a/k/a "DT,"
DEMOND BROWN, a/k/a "Loonie,"
VICTOR TURNER, a/k/a "Ju," "Ju-Bean," and "Lil' Vic,"
WILLIE GARDLEY, a/k/a "Flocka," and
DAVID ARRINGTON, a/k/a/ "Day Day,"

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), any interest acquired or maintained in violation of Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and any property consisting, or derived

41

from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Section 1962.

3.    In addition, upon conviction of an offense in violation of Title 18, United States Code, Section 922(g), as set forth in this Superseding Indictment, defendants DONALD LEE and TORANCE BENSON shall forfeit to the United States of America any firearm and ammunition involved in and used in the offense, as provided in Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

4.    The property to be forfeited includes, but is not limited to, the following:

    a.  a FN Model Five-SeveN, 5.7 caliber pistol, from which the manufacturer's serial number had been obliterated, and associated ammunition;

    b.  a Ruger Model LC9 9mm pistol, from which the manufacturer's serial number had been obliterated, and associated ammunition;

    c.  an Anderson Manufacturing Model AM-15 5.56/223 caliber pistol, bearing serial number 18200203; and associated ammunition;

    d.  a Girsan model Regard MC 9mm pistol, bearing serial number T6368-19A01790, and associated ammunition; and

    e.  a Sig Sauer Model SP2022 .357 sig caliber pistol, bearing serial number 24B245051, and associated ammunition.

5.    If any property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), as a result of any act or omission of the defendants:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred to, sold to, or deposited with a third person;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value;

e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to the defendants under the provisions of Title 18, United States Code, Section 1963(m).

A TRUE BILL:

_____

FOREPERSON

_____

Signed by Erika L. Csicsila on behalf of the
UNITED STATES ATTORNEY